UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICOLAS GIGIOLIO, | ) |
| PLAINTIFF, | ) ) |
| v. | ) Civil Action No. 18-cv-01026 ) ) |
| CENTRAL CREDIT SERVICES, LLC, | ) ) Jury Demanded |
| DEFENDANT. | ) |

## COMPLAINT

Plaintiff, Nicolas Gigiolio, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Defendant sent a collection letter to Plaintiff which failed to adequately disclose the amount of the debt due in violation of the FDCPA.

4. Plaintiff has a congressionally defined right to receive debt collection communications that adequately and effectively disclose the amount of the alleged debt.

5. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define

injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6. Plaintiff, Nicolas Gigiolio ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted American Express credit card, account number ending in 1002. Plaintiff is thus a "consumer" as that term is defined at 15 U.S.C. § 1692a(3) of the FDCPA.

7. Defendant, Central Credit Services, LLC ("CCS") is a Florida limited liability company. CCS does or transacts business in Illinois. Its registered agent is CT Corporation System, located at 208 S. LaSalle St., Suite 814, Chicago, Illinois, 60604. (Exhibit A, Record from Illinois Secretary of State).

8. CCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. CCS holds a collection agency license from the State of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

10. CCS regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

11. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal, family, or household purposes, originally for an American Express credit card

account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

12. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

13. On or about June 11, 2017, Defendant sent a collection letter ("Letter") to Plaintiff regarding the alleged debt. (Exhibit C, Collection Letter).

14. The Letter communicated various credit information to Plaintiff, including an account number, balance due, and the identity of the current creditor.

15. The Letter was thus a "communication" as that term is defined at § 1692a(2) of the FDCPA.

16. The Letter was CCS's initial communication to Plaintiff.

17. The Letter states that the Balance Due is $2,945.47.

18. The Letter failed to inform Plaintiff that on the day he pays, the amount due may be greater.

19. The Letter failed to inform Plaintiff that if he pays the Account Balance, an adjustment may be necessary.

20. The Letter failed to inform Plaintiff that CCS will contact him prior to depositing his payment if such an adjustment is necessary.

21. The Letter failed to explain to Plaintiff that he can seek further information, including an updated Account Balance, by calling.

22. Plaintiff was confused, and an unsophisticated consumer would be confused, as to the amount of the debt due.

23. 15 U.S.C. § 1692g of the FDCPA provides as follows:

> **(a) Notice of debt; contents**
>
> **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**
>
> **(1) the amount of the debt. . . .**

24. CCS failed to effectively state the amount of the debt in its initial communication to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(1).

25. CCS could have complied with the FDCPA's "amount of debt" provision by simply including the language drafted by the 7th Circuit for debts with varying balances:

> **As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800– [phone number].**

*Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000).

26. While a debt collector is not required to use this form of words (*Id.*), CCS failed to include any other language informing Plaintiff of his rights with respect to the amount of the alleged debt.

27. CCS's failure to disclose the possibility of interest, late charges, and other charges continuing to accrue on the alleged debt is deceptive as a matter of law.

28. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. . .**

29. Defendant failed to disclose that the balance due on an alleged debt may increase due to interest, late charges or other charges, in violation of 15 U.S.C. § 1692e.

30. In fact, on or about October 20, 2017, the balance on the alleged debt increased $371.94. (Exhibit D, Subsequent Collection Letter).

31. Violations of the FDCPA which would influence a consumer's decision to pay a debt in response to a dunning letter, are material. *Boucher v. Fin. Sys. of Green Bay, Inc.*, No. 17-2308, 2018 WL 443885, at *2 (7th Cir. Jan. 17, 2018) (*citing Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 628 (7th Cir. 2009)). Here, had Plaintiff been notified that the debt would increase, he may have elected to pay the lesser amount rather than continue to incur interest, late fees or other fees on the alleged debt.

32. Plaintiff experienced negative emotions about CCS's collection efforts, including generalized insult, annoyance, aggravation, and other garden variety emotional distress.

33. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

35. CCS failed to adequately state the amount of the debt in its initial communication to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(1).

36. CCS failed to disclose that the balance due on an alleged debt may increase due to interest, late charges or other charges, in violation of 15 U.S.C. § 1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant as follows:

      A.      Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

      B.      Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

      C.      Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

      D.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha C. Chatman
One of Plaintiff's Attorneys

Celetha Chatman
Michael Wood
Holly McCurdy
Sarah Barnes
**Community Lawyers Group. Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)265-3227
cchatman@communitylawyersgroup.com